Dear Mr. Braud:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Plaquemines Parish Government ("Plaquemines"), you have asked for our opinion regarding a proposed plan to repair certain private roads damaged by Plaquemines employees and/or contractors engaged in emergency response activities following Hurricane Katrina.
According to your request, certain private roads have deteriorated to the point where public and private postal services, ambulance, fire fighting, public utility, public school, and law enforcement vehicles can no longer travel. You have indicated that the deterioration is due primarily to the use of such roads by heavy equipment vehicles engaged in storm recovery activities over an extended period of time. You ask for our opinion as to whether Plaquemines may use its equipment, materials, supplies, and labor to repair these particular private roads.
In general terms, our office has consistently opined that public funds and/or equipment may not be used to repair private property. See Attorney General Opinion Nos. 87-464, 05-0299, 08-0109. For example, Attorney General Opinion No. 05-0299 opined that a Parish may not repair roads on private property used primarily for the benefit of private individuals. Similarly, Attorney General Opinion No. 08-0109 concluded that the use of parish prisoners to clean private property would be tantamount to a prohibited donation and such activities are not permissible under Louisiana law. Both of these opinions refer to and rely on the prohibition against the gratuitous alienation of public property mandated by Louisiana Constitution Article VII, Section 14.
Nevertheless, we believe the current proposed plan is distinguishable from the activities discussed in these prior opinions. As you have indicated, you do not intend to repair every private road. Only those roads that have been damaged by Plaquemines employees and/or contractors will be repaired. In fact, your opinion request discusses *Page 2 
Plaquemines potential obligation to make such repairs. However, we note that the emergency response activities referenced above were initiated a number of years ago. This in turn raises the question whether any legal obligation exists or whether such an obligation has prescribed. Further, the issue of causation, i.e. whether the above-referenced damages were directly caused by Plaquemines employees or contractors is a concern.
Considering the foregoing, under certain limited circumstances, the use of parish equipment, materials, supplies, and labor to repair private roads would not be tantamount to a prohibited donation pursuant to Article VII, § 14 of the Louisiana Constitution. In order to be permissible, it is the opinion of this office that Plaquemines must ensure, at a minimum, that: (1) only those private roads which were damaged by Plaquemines employees and/or contractors are repaired, and (2) the extent of repairs performed on those roads are limited to only those damages caused Plaquemines employees and/or contractors. The prohibited donation provision of Article VII, § 14 also requires that Plaquemines determine whether it is entitled to indemnification by any contractor for the damages referenced above.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt